[Cite as *Toledo v. Rainey*, 2019-Ohio-4618.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio/City of Toledo | Court of Appeals No. L-18-1270 |
| Appellee | Trial Court No. CRB-18-13830 |
| v. | |
| Dominick Rainey | **DECISION AND JUDGMENT** |
| Appellant | Decided:  November 8, 2019 |

* * * * *

David Toska, Chief Prosecutor, and Jimmie Jones,
Assistant Prosecutor, for appellee.

Misty Wood, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Dominick Rainey, appeals from the December 20, 2018 judgment of the Toledo Municipal Court convicting him of assault, a violation of R.C. 2903.13(A), and sentencing him to 160 days in the Corrections Center of Northwest Ohio.  For the

reasons which follow, we affirm. Appellant asserts the following single assignment of error on appeal:

THE PROSECUTION DID NOT PRESENT SUFFICIENT

EVIDENCE TO MEET THEIR BURDEN OF PROOF.

{¶ 2} At trial, Carrie Mohler, a therapeutic program worker for the Northwest Ohio Psychiatric Hospital, testified she was assisting a patient on October 20, 2018, when appellant, who was also a patient at the hospital, told the other patient to come into a room to fight. That patient refused. Appellant had only been in the unit for two days and there had been no prior altercation with this patient, but appellant had assaulted other patients. Mohler told the patient to come toward her and she went around the nurse's station to walk the patient to the TV area and away from appellant. While they were moving away, appellant lunged out from the doorway where he had been standing and started hitting the patient in the face and head and pulled the patient's t-shirt over his head. The patient was bleeding and unable to fight back. When Mohler and a nurse tried to intervene, appellant punched the nurse in the arm and Mohler in the chest with a closed fist. Mohler further testified that as she attempted to grab appellant's arm, which was slippery because he had covered himself in Vaseline, he turned around and looked her in the eye before striking her. Mohler was taken to the hospital and was told she had a contusion to the chest and rib. She had therapy, but the pain persisted for three weeks. Other personnel came to help get appellant back to his room and provide first aid for the patient and Mohler.

2.

{¶ 3} Officer Reynolds, a police officer for the Northwest Ohio Psychiatric Hospital, testified that he responded within two minutes to the call for help for the above-mentioned incident. When he arrived on the scene that day, he found the nurse and Mohler assisting the patient. The officer moved Mohler behind the nurse's station because she was complaining of chest pain and had trouble breathing. He later questioned all of the parties involved. Appellant told the officer that he was going to continue to hit the employees as long as he was there. The officer spoke with Dr. Sirken and informed him that the victims wanted to press charges. Dr. Sirken was required to prepare a capacity assessment the same day. Dr. Sirken indicated that appellant was admitted because of paranoid demeanor, agitation, and propensity for violence and that he was uncooperative in the evaluation of his competency. Dr. Sirken also indicated appellant was able to understand what he was doing because he was laughing while taunting the other patient and had covered himself in Vaseline prior to initiating a fight in order to prevent someone from pulling him away. Dr. Sirken opined appellant's behavior was due to his antisocial behavior.

{¶ 4} Appellant argues in his sole assignment of error that insufficient evidence was admitted to support his conviction.

{¶ 5} Sufficiency of the evidence is a legal question of whether there was adequate evidence to present a case to the jury and whether the evidence was sufficient as a matter of law to support the verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The appellate court does not weigh the evidence nor assess the credibility of

3.

the witnesses. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 207; *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978). The evidence must be viewed in favor of the prosecution and we must find that "*any* rational trier of fact could have found the essential elements of the crime [were proven] beyond a reasonable doubt." *Beasley*, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.E.2d 560 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A conviction can be sustained with the testimony of a single witness. *State v. DeHass*, 10 Ohio St.2d 230, 234, 227 N.E.2d 212 (1967); *State v. Patterson*, 8th Dist. Cuyahoga No. 105265, 2017-Ohio-8318, 99 N.E.3d 970, ¶ 24. In this case, appellee was required to establish that appellant "knowingly cause[d] or attempt[ed] to cause physical harm to another." R.C. 2903.13(A).

**{¶ 6}** Appellant argues the only witness was one of the alleged victims, Mohler. While evidence was presented to corroborate her injuries, he asserts no other evidence corroborated her testimony that appellant knowingly caused harm to her. Furthermore, he asserts the police officer's testimony was inconsistent with the original police report.

**{¶ 7}** In this case, the victim testified she saw assailant look at her prior to assaulting her and both she and the police officer on the scene testified regarding her injuries. Her testimony is sufficient evidence to support a conviction. There was no need for her testimony to be corroborated. Therefore, we find this evidence was sufficient to submit the case to the jury and support the conviction as a matter of law. Appellant's sole assignment of error is found not well-taken.

4.

**{¶ 8}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Christine E. Mayle, P.J. _____

_____
Gene A. Zmuda, J. _____        JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.